UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PETER KLEIDMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE HON. THOMAS L. WILLHITE, JR., et al.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-02365-PSG (JDE)<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED |

I.

INTRODUCTION

On March 12, 2020, Plaintiff Peter Kleidman ("Plaintiff") filed a complaint (Dkt. 1, "Complaint") alleging violations of various provisions of the United States Constitution and the California Constitution, as well as violations of 42 U.S.C. § 1983 ("Section 1983" or "§ 1983"), 28 U.S.C. § 2201, and Cal. Gov. Code § 68081, against the California Court of Appeal, Second Appellate District, Division Four of the California Court of Appeal, Second Appellate District, the Supreme Court of California, the Judicial Conference of California, which Plaintiff alleges was established by the California Constitution and is part of the "judicial branch" (collectively, the "California

Courts") and several current and former Judges and Justices of the California Courts (collectively, "Judicial Officers").

II.

## THE RELEVANT ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges in 2013 he filed a lawsuit in Los Angeles County Superior Court and the court in that case set a trial date of April 20, 2015. Complaint, ¶ 8. Plaintiff claims that in 2014, "the clerks" advised him that the trial was no longer set for April 20, 2015, and he was sent a document showing the case was dismissed. Id., ¶ 9. However, "the clerks erred" and the April 2015 trial remained on calendar. Id., ¶ 10. Unaware, Plaintiff did not appear for the trial and judgment was entered against him as to non-arbitrable claims. Id. In August 2015, the superior court awarded his opponent $41,200 in attorney's fees. Id., ¶ 11. Plaintiff's subsequent attempts to set aside the judgment and fee award were unsuccessful. Id., ¶¶ 12-13. Plaintiff sought relief in the California Courts, but was unsuccessful. Id., ¶¶ 14-18. Plaintiff had previously been unsuccessful in the California Courts. Id., ¶ 19.

Plaintiff thereafter alleges misconduct by the defendants, alleging, for example, that certain defendants "were motivated solely by their own personal sensitivities (independent and irrespective of the law) to decide what they wanted the ultimate outcome to be, and then proceeded with a results-oriented, ends-justify-the-means, ad hoc approach, contriving and concocting specious legal arguments which supposedly lead to the result they desired at the outset," even though those arguments were "ill-conceived, meritless, invalid and unreasoned, the produce solely of the judicial will, not judicial integrity." Complaint, ¶ 26. In so doing, Plaintiff alleges, the defendants violated his First, Fourteenth Amendment rights, Section 1983, and various provisions of California law. He seeks declaratory relief, costs, and injunctions

"commanding" that proceedings before the California Courts be "reopened" and continue "in a manner which preserve's Plaintiff's Constitutional right to due process," complies with California law, results in an opinion "with full, precedential and persuasive value on par with all published, court of appeals opinions," and in particular, "commanding the California Supreme Court to hear and determine [the proceedings at issue] on the merits." Id. at pp. 58-59.

III.

THE <u>ROOKER-FELDMAN</u> DOCTRINE

Federal courts are courts of limited jurisdiction. <u>See, e.g.</u>, <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." <u>Stock W., Inc. v. Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden of proving that her case is within federal jurisdiction. <u>See, e.g.</u>, <u>In re Ford Motor Co. / Citibank (S.D.), N.A.</u>, 264 F.3d 952, 957 (9th Cir. 2001) (citing <u>McNutt v. Gen. Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936)). District courts may properly raise lack of subject matter jurisdiction sua sponte. <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." <u>Id.</u>; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

Under the <u>Rooker</u>-<u>Feldman</u> doctrine, a federal district court may not exercise subject-matter jurisdiction over a de facto appeal from a state court judgment. <u>Noel v. Hall</u>, 341 F.3d 1148, 1156 (9th Cir. 2003) (citing <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413 (1923); <u>D.C. Ct. App. v. Feldman</u>, 460 U.S. 462 (1983)). Congress, in 28 U.S.C. § 1257, vests the United States Supreme Court,

3

not the lower federal courts, with appellate jurisdiction over state court judgments. Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam). "Review of such judgments may be had only in [the Supreme] Court." Feldman, 460 U.S. 462, 482 (1983). The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the "de facto equivalent" of such an appeal. Noel, 341 F.3d at 1155.

The doctrine governs "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Mothershed v. Justices of the Sup. Ct., 410 F.3d 602, 606 (9th Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Bk. Indus. Corp., 544 U.S. 280, 285 (2005)). To determine whether an action functions as a de facto appeal, courts "pay close attention to the relief sought by the federal-court plaintiff." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation marks and citation omitted). "It is a forbidden de facto appeal under Rooker–Feldman when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163 "Under Rooker-Feldman, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States." Id.

Here, the relief Plaintiff seeks—injunctions "compelling" the California Courts and the Judicial Officers to reopen cases, issue new orders, and decide matters "on the merits" that were not previously so decided—constitutes a de facto appeal of the rulings of the California Courts. The Complaint seeks precisely the type of relief that the Supreme Court and the Ninth Circuit have

4

instructed is outside the subject-matter jurisdiction of district courts. See Rooker; Feldman; Mothershed; Noel. Thus, Plaintiff's claims appear to be barred by the Rooker-Feldman doctrine.

IV.

ORDER

Plaintiff is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed <u>by filing a written response within fourteen (14) days from the date of this Order</u> setting forth any valid legal and/or factual reasons or arguments why the Court should not find that it lacks subject matter jurisdiction over this action under the Rooker-Feldman doctrine.

Instead of filing a written response to the matters addressed in this Order, Plaintiff may voluntarily dismiss the action by filing a Notice of Dismissal form pursuant to Rule 41 of the Federal Rules of Civil Procedure. <u>The Clerk is directed to provide Plaintiff with a blank Notice of Dismissal Form (CV-009)</u>.

A failure to timely file a response to this Order may result in the dismissal of the action as barred by the Rooker-Feldman doctrine and for failure to prosecute and comply with Court orders. See Fed. R. Civ. P. 41(b)

IT IS SO ORDERED.

Dated: March 17, 2020

JOHN D. EARLY
United States Magistrate Judge